

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-08-227-CR

DERRICK D. KING            APPELLANT

V.

THE STATE OF TEXAS            STATE

------------

### FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Derrick D. King appeals his conviction for aggravated assault.[2] In a single point of error, he complains that the trial court "erroneously dissuaded" him from impeaching a witness. We affirm.

Leon MacNeil and Joe Conner testifed that appellant shot MacNeil in the leg. MacNeil testified that he did not use any illegal drugs on the day he was

---

[1] *See* Tex. R. App. P. 47.4.

[2] *See* Tex. Penal Code Ann. § 22.02(a) (Vernon Supp. 2008).

shot.  Before Conner took the stand, however, he privately disclosed to the prosecutor that he had seen MacNeil and appellant smoking crack cocaine together on the day of the shooting.  The prosecutor promptly disclosed this information to appellant's trial attorney.

During a subsequent bench conference, the attorneys and the trial judge discussed whether asking Conner about MacNeil's drug use on the day of the shooting would open the door to extraneous offense evidence that appellant was using drugs with MacNeil, and the trial judge stated that it "might." Appellant's trial attorney then objected to the admission of any testimony that appellant was using illegal drugs on the day of the shooting.  Although the trial judge initially sustained the objection, she stated, "I'm going to treat it as a motion in limine for you-all to approach and me to take up the ruling at that time after I hear the evidence."

Conner later testified on direct and cross examination.  Appellant's trial attorney did not ask him about MacNeil's drug use, nor did he ask to approach the bench to obtain a ruling on the admissibility of such testimony.

To preserve error for appellate review, a party must obtain an adverse ruling by the trial court.[3]  Nothing is preserved until the trial court makes a final

---

[3] Tex. R. App. P. 33.1(a)(2); *Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct. 904 (2009).

ruling on the admissibility of evidence.[4] Because appellant did not re-urge his argument to the trial court or attempt to ask Conner the question which he now says the trial court "dissuaded" him from asking, he did not secure an adverse ruling from the trial court. We therefore hold that appellant has forfeited his complaint.[5] Accordingly, we overrule appellant's sole point and affirm the trial court's judgment.

PER CURIAM

PANEL: CAYCE, C.J.; WALKER and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 13, 2009

---

[4] *See Wilson v. State*, 7 S.W.3d 136, 144 (Tex. Crim. App. 1999) ("The trial court's action appears to be in the nature of a ruling on a motion in limine, which does not preserve error."); *see also Powell v. State*, 897 S.W.2d 307, 310 (Tex. Crim. App. 1994), *cert. denied*, 516 U.S. 808 (1995) (defendant failed to preserve complaint that jury should have been shuffled when he failed to obtain final ruling on his request), *overruled on other grounds, Prystash v. State*, 3 S.W.3d 522 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1102 (2000).

[5] *See* Tex. R. App. P. 33.1(a)(1)(A).

3